IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



| PEGGY C. CASH AND LENARD D. CASH, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Case No. 5:16-cv-279 |
| | § | |
| AXA EQUITABLE LIFE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**EXHIBIT "A"**
**INDEX OF STATE COURT MATTERS**

Defendant, in connection with the removal of this case to the United States District Court for the Western District of Texas, Bexar Division, files its index of state court matters, pursuant to Local Rule 81, as follows:

| | **State Court Document** | **Date** |
|---|---|---|
| 1. | Case Summary Sheet/Case Information | N/A |
| 2. | Plaintiff's Original Petition and Request for Disclosure | 02-16-2016 |
| 3. | Plaintiff's First Set of Interrogatories | 02-16-2016 |
| 4. | Plaintiff's First Request for Production | 02-16-2016 |
| 5. | Civil Case Information Sheet | 02-16-2016 |
| 6. | Request for Process | 02-16-2016 |
| 7. | Fax Transmittal Regarding Copies | 02-18-2016 |
| 8. | Executed Citation – AXA Equitable Life Insurance Company | 03-02-2016 |

Respectfully submitted,


By: /s/ Bill E. Davidoff
     Bill E. Davidoff
     State Bar No. 00790565
     bill.davidoff@figdav.com
     Attorney-in-Charge

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, TX 75202
Tel: 214.939.2000
Fax: 214.939.2090

ATTORNEYS FOR DEFENDANT AXA
EQUITABLE LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2016, the foregoing instrument was electronically filed the foregoing with the Clerk of Court using the CM/ECF system and sent via certified mail, return receipt to Todd A. Prins, Prins Law Firm, 4940 Broadway, Suite 108, San Antonio, TX 78209.


     /s/ Bill E. Davidoff
     Bill E. Davidoff

# EXHIBIT "1"



# Bexar County

## District Clerk/County Clerk Search

## Full Case Information

## Case Summary

### Case Information for Cause #: 2016CI02547

**PEGGY C CASH ET AL vs AXA EQUITABLE LIFE INSURANCE COMPANY**

| | |
|---|---|
| Cause No. : | 2016CI02547 |
| Name : | |
| Business Name : | AXA EQUITABLE LIFE INSURANCE COMPANY |
| Litigant Type : | DEFENDANT |
| Date Filed : | 02/16/2016 |
| Docket Type : | DEBT/CONTRACT |
| Case Status : | PENDING |
| Court : | 225 |

*Information as of: 03/03/2016 09:26:11 AM*

# Case History

*Currently viewing 1 through 5 of 5 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 2/16/2016 | PETITION |
| P00002 | 2/16/2016 | SERVICE ASSIGNED TO CLERK 2 |
| P00003 | 2/18/2016 | FAX TRANSMITTAL/RECORDING DEPT FROM<br>VAJIN IBRAHIM |
| S00001 | 2/18/2016 | CITATION<br>AXA EQUITABLE LIFE INSURANCE COMPANY<br>ISSUED: 2/18/2016 |
| P00004 | 2/19/2016 | EMAILED COPY OF:<br>PETITION |

# EXHIBIT "2"

FILED
2/16/2016 10:47:04 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Michelle Garcia

CITPPS SAC2

CAUSE NO. **2016CI02547**

| | | |
|---|---|---|
| PEGGY C. CASH AND LENARD D. CASH, | § § § | IN THE DISTRICT COURT |
| v. | § § | 225 __ JUDICIAL DISTRICT |
| AXA EQUITABLE LIFE INSURANCE COMPANY. | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiffs, Peggy C. Cash and Lenard D. Cash, file their Original Petition and Request for Disclosure against Defendant, AXA Equitable Life Insurance Company, and in support state the following:

### I.
### Discovery Control Plan

1. Plaintiffs intend for discovery to be conducted under Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

### II.
### Parties, Jurisdiction, and Venue

2. Plaintiff, Peggy C. Cash, is an individual residing in Bexar County, Texas.

3. Plaintiff, Lenard D. Cash, is an individual residing in Bexar County, Texas.

4. Defendant, AXA Equitable Life Insurance Company, is a foreign corporation doing business in Bexar County, Texas. Defendant may be served with process herein by delivering the Citation and a copy of this Original Petition to its designated agent for service of process, Corporation Service Company, at 211 E. 7th St. Suite 620, Austin, Texas 78701.

5.     The court has jurisdiction over this lawsuit because the amount in controversy is within the jurisdictional limits of the court.  Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000 and non-monetary relief.

6.     Venue is proper in Bexar County, Texas because the insurance policy that forms the basis of this lawsuit is performable in Bexar County, Texas.

## III.
## Facts

7.     Plaintiff, Peggy C. Cash, is the holder of a life insurance policy (policy No. 150 225 702) issued by Defendant, AXA Equitable Life Insurance Company (the "Policy"). Plaintiff, Lenard C. Cash is the beneficiary under the Policy.  The Policy was originated in 2001, and in 2002 the face amount of the Policy was increased from $500,000 to $1,000,000.

8.     Throughout the course of the Policy, Defendant frequently sent Mrs. Cash requests for premium payments for incorrect amounts due.  Mrs. Cash historically paid her premiums when the amounts were corrected, even though these payments were often made after the Policy had lapsed.  On each such occasion, however, Defendant accepted the premium payments as corrected and reinstated the Policy with no interruption in coverage.  Defendant never required Plaintiffs to reapply for insurance.  Defendant's actions throughout the term of the Policy ratified a course of conduct that allowed Plaintiffs to pay premiums once they were corrected without affecting the continuity of their insurance coverage, even if those payments were made after the Policy had lapsed.

9.     On July 23, 2013, Defendant sent a notice of Policy termination to Mrs. Cash.  On July 29, 2013, as had occurred in the past and as instructed by Defendant, Mrs. Cash wired a corrected payment in the amount of $21,616.00 to the Defendant.  On August 7, 2013, Mrs. Cash received a letter from Defendant refunding her wire transfer.  Unlike previous occasions, the

letter stated that reinstatement of the Policy would be considered if a reinstatement application was submitted.  Mrs. Cash emailed the requested reinstatement application on August 23, 2013, and faxed it again on September 4, 2013.  Over a month passed without word from the Defendant concerning the status of the Policy.  On February 18, 2014, however, Plaintiffs received notice that Defendant had rejected their reinstatement application.

## IV.
## Request for Declaratory Judgment

10.    By virtue of the foregoing, a real and substantial controversy exists between the parties concerning the Policy.  Pursuant to Chapter 37 of the Texas Civil Practice & Remedies Code, Plaintiffs request a declaratory judgment on the construction or validity of the Policy or the rights, status, or legal relation of the Plaintiffs and Defendant with respect to the Policy. Specifically, Plaintiff seeks a declaratory judgment reinstating the Policy.

## V.
## Breach of Contract

11.    Alternatively, Plaintiffs allege breach of contract.  The Policy constitutes a valid and enforceable contract by and between the Plaintiffs and the Defendant.  Plaintiffs made all premiums payments required under the Policy and thus complied with their obligations thereunder, as ratified by the conduct of parties over the term of the Policy.  Defendant, however, breach the contract when it failed to reinstate the Policy as it had done on numerous previous occasions.  As a result, Plaintiffs have suffered damages within the jurisdictional limits of the court for which they now sue.  Plaintiffs sue to recover all of the premiums they have paid over the course of the Policy.

## VI.
## Attorney's Fees

12.     Pursuant to Chapters 37 and 38 of the Texas Civil Practice & Remedies Code, Plaintiffs request that they be awarded a reasonable fee for the reasonable and necessary services of their attorneys for all proceedings before the trial court, the court of appeals, and the Texas Supreme Court.

## VII.
## Conditions Precedent

13.     All conditions precedent to the recovery of the relief sought herein have been performed or have occurred.

## VIII.
## Request for Disclosure

14.     Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose, within 50 days of service of this request, all of the information and material set forth in Texas Rule of Civil Procedure 194.2(a)-(l).

## IX.
## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be cited to appear and answer and that on final trial Plaintiffs be awarded:

1) A declaratory judgment reinstating the Policy;

2) Actual and consequential damages resulting from Defendant's breach of the Policy;

3) Prejudgment and postjudgment interest;

4) Court costs and attorney's fees; and

5) Any other relief to which they may be entitled.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209
(210) 820-0833
(210) 820-0929 fax

By:

Todd A. Prins
SBN:  16330400
taprins@prinslaw.com
William L. McCamish
SBN: 24062497
wmccamish@prinslaw.com

5

# EXHIBIT "3"

CAUSE NO._____

| | | |
|---|---|---|
| PEGGY C. CASH AND LENARD D. CASH, | § § § | IN THE DISTRICT COURT |
| v. | § § | \_\_ JUDICIAL DISTRICT |
| AXA EQUITABLE LIFE INSURANCE COMPANY. | § § § | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

To:     AXA EQUITABLE LIFE INSURANCE COMPANY
c/o Corporation Service Company
211 E. 7th St. Suite 620
Austin, Texas 78701.

Please take notice that request is hereby made by Plaintiff, PEGGY C. CASH, to

Defendant, AXA EQUITABLE LIFE INSURANCE COMPANY, to provided separate sworn

responses to the following interrogatories within 50 days of service of this request.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209
(210) 820-0833
(210) 820-0929 fax

By:

Todd A. Prins
SBN: 16330400
taprins@prinslaw.com
William L. McCamish
SBN: 24062497
wmccamish@prinslaw.com

## DEFINITIONS

1.     **"Identify"** and **"Identity"** mean: (a) when used in reference to a natural person, to state that person's name and present or last known residential and employment addresses and telephone numbers; (b) when used in reference to an entity other than a natural person, to: (i) state the form of entity (*e.g.*, whether it is a sole proprietorship, partnership, limited partnership, limited liability company, joint venture, or corporation); (ii) if the entity is a partnership or joint venture, to identify each partner or participant (iii) if the entity is a corporation, to provide the state and date of its incorporation, the address of its principal place of business, and the identity of any person or entity holding an interest greater than 5% in the corporation; and (iv) to identify the entity's location and telephone number; (c) when used in reference to an oral communication, to identify the speaker, the person spoken to, any other persons who were present or in a position to hear, the date and place of the communication, and the substance of the communication, and to identify any documents that set forth, summarize, or refer to the communication; (d) when used in reference to information or to a fact, to (i) describe in reasonable detail the substance of the fact or information; and (ii) state how, when, and from whom you learned of the fact or information, including identifying any person, document, or communication from which you learned of the fact or information; and (e) when used in reference to a document, to identify the author or authors, all addresses, all carbon or courtesy copy recipients, all other recipients, and all persons who have or may have custody or control of the document or a copy thereof, to state the date of the document, and to describe in reasonable detail the contents of the documents.

2.     **"Describe in reasonable detail"** means to set forth, with a reasonable degree of specificity, each fact, event, circumstance, act, omission, and item of information known to you relating to the subject matter of the interrogatory in question. Pursuant to Texas Rule of Civil Procedure 197.1, when used in relation to a legal or factual contention, such allegation of contention in a pleading, "describe in reasonable detail" means to state the legal theory or basis of the allegation or contention and to describe in general the factual basis for the allegation or contention.

3.     **"Plaintiffs"** refers to Plaintiffs, PEGGY C. CASH AND LENARD D. CASH, and includes their agents, representatives, employees, or any other person or entity acting at their direction or on their behalf.

4.     **"Defendant"**, **"you"** and **"your"** refer to Defendant, AXA EQUITABLE LIFE INSURANCE COMPANY, and includes its directors, officers, subsidiaries, agents, representatives, employees, or any other person or entity acting at its direction or on its behalf.

5.     **"Policy"** means that certain Variable Life Insurance Policy, Policy Number 150 225 702, purchased by Plaintiffs from Defendant that is at issue in this lawsuit.

6.     **"Concerning"** means evidencing, showing, indicating, illustrating, pertaining to, having to do with, regarding, in reference to, involving, and relating to.

IN ACCORDANCE WITH TEXAS RULE OF CIVIL PROCEDURE 197.1 THE USE OF THESE TERMS IN THESE DISCOVERY REQUESTS IS NOT MEANT TO REQUIRE YOU TO MARSHAL ALL OF YOUR AVAILABLE PROOF OR ALL OF THE PROOF YOU INTEND TO OFFER AT TRIAL AND NO OBJECTION SHOULD BE MADE TO THESE DISCOVERY REQUESTS ON THAT BASIS.

## INTERROGATORIES

Answer the following:

1. Identify all provisions of the Policy that you contend permitted you to terminate the Policy.

   Answer:

2. Describe in reasonable detail every reason for your decision not to reinstate the Policy.

   Answer:

3. Describe in reasonable detail the manner or method in which you calculated premiums owed under the Policy.

   Answer:

4. Identify every employee, agent, officer, contractor, and/or representative of AXA EQUITABLE LIFE INSURANCE COMPANY who communicated with Plaintiffs regarding the Policy and the reinstatement of the Policy.

   Answer:

5. Describe in detail any and all investigations that you performed related to the reinstatement of the Policy from July 20, 2013 through March 1, 2014.

   Answer:

6. Identify each time the Policy lapsed.

   Answer:

7. Identify each time the Policy terminated.

   Answer:

8. Identify each time the Policy was reinstated.

Answer:

9.    Identify when you first determined to terminate the Policy.

Answer:

10.   Identify each instance in which a bill, invoice, or other notice of payment due was provided to Plaintiffs in which the amount due for that notice was subsequently changed. For each instance identified, your answer should describe in reasonable detail the reason the amount due was changed.

Answer:

11.   Describe in reasonable detail all circumstances in which you require an insured to provide you evidence of continued good health to reinstate a life insurance policy.

Answer:

12.   Identify all documents containing your policies and procedures governing situations in which an insured is required to provide you evidence of continued good health to reinstate a life insurance policy.

Answer:

# EXHIBIT "4"

CAUSE NO. _____

| | | |
|---|---|---|
| PEGGY C. CASH AND LENARD D. CASH, | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§ | ___ JUDICIAL DISTRICT |
| AXA EQUITABLE LIFE INSURANCE COMPANY. | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

To:   AXA EQUITABLE LIFE INSURANCE COMPANY
c/o Corporation Service Company
211 E. 7th St. Suite 620
Austin, Texas 78701.

Please take notice that request is hereby made by Plaintiffs, PEGGY C. CASH AND LENARD D. CASH, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant, AXA EQUITABLE LIFE INSURANCE COMPANY, produce or permit the undersigned attorney, to inspect and copy or reproduce the items designated on Exhibit "A" attached hereto.

Within 50 days after service of these Requests for Production, you must serve a written response to the undersigned attorney at 4940 Broadway, Suite 108, San Antonio, Texas 78209, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

Respectfully submitted,

PRINS LAW FIRM
4940 Broadway, Suite 108
San Antonio, TX 78209
(210) 820-0833
(210) 820-0929 fax

By: _____

Todd A. Prins
SBN: 16330400
taprins@prinslaw.com
William L. McCamish
SBN: 24062497
wmccamish@prinslaw.com

## DEFINITIONS AND INSTRUCTIONS

1. **"Document"** or **"Documents"** shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

2. **"Plaintiffs"** refers to Plaintiffs, PEGGY C. CASH AND LENARD D. CASH, and includes their agents, representatives, employees, or any other person or entity acting at their direction or on their behalf.

3. **"Defendant"**, **"you"** and **"your"** refer to Defendant, AXA EQUITABLE LIFE INSURANCE COMPANY, and includes its directors, officers, subsidiaries, agents, representatives, employees, or any other person or entity acting at its direction or on its behalf.

4. **"Policy"** means that certain Variable Life Insurance Policy, Policy Number 150 225 702, purchased by Plaintiffs from Defendant that is at issue in this lawsuit.

5. **"Concerning"** means evidencing, showing, indicating, illustrating, pertaining to, having to do with, regarding, in reference to, involving, and relating to.

6. In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

## RULE 193.7 DISCLOSURE

TAKE NOTICE that all documents produced in response to a Request for Production of Defendant may be used against Defendant in any pre-trial proceeding or at trial.

## REQUEST FOR PRIVILEGE LOG

In the event Defendant provides a response to any of the following requests for production indicating that material or information has been withheld from production, you are requested to identify the information and material withheld within 15 days after providing your responses hereto. TRCP 193.3.

## EXHIBIT A

Please produce:

1.  Plaintiffs' customer file held by you concerning the Policy.

2.  Your underwriting file on the Policy.

3.  All documents concerning the Policy.

4.  All documents concerning the reinstatement of the Policy from July 20, 2013 through March 1, 2014.

5.  All documents you obtained from Plaintiff concerning the reinstatement of the Policy, including but not limited to, the reinstatement application.

6.  All documents you received from third-parties concerning Plaintiffs' application for reinstatement of the Policy from July 20, 2013 through March 1, 2014.  This request does not seek documents protected by the attorney-client privilege.

7.  All communications between you and Plaintiffs concerning the Policy.

8.  All communications between you and Plaintiffs concerning the reinstatement of the Policy from July 20, 2013 through March 1, 2014.

9.  All requests you made for payments under the Policy.

10. All documents evidencing payments made to you under the Policy.

11. All notices you sent to Plaintiffs indicating the Policy had lapsed.

12. All notices you sent to Plaintiffs canceling the Policy.

13. All notices you sent to Plaintiffs indicating your decision not to reinstate the Policy.

14. All non-privileged communications between you and any other person concerning the Policy.

15. All non-privileged communications between you and any other person concerning the reinstatement of the Policy from July 20, 2013 through March 1, 2014.

16. All documents concerning or evidencing any investigations you performed concerning the Plaintiffs.

17. All documents concerning or evidencing any investigations you performed concerning the reinstatement of the Policy from July 20, 2013 through March 1, 2014.

18. All policies and procedures supporting your decision to cancel the Policy.

19. All policies and procedures supporting your decision not to reinstate the Policy.

20. All policies and procedures concerning circumstances in which an insured is required to provide evidence of continued good health to reinstate a life insurance policy.

21. All documents used in connection with your decision not to reinstate the Policy.

22. All documents concerning manner or method used calculate premiums owed under the Policy.

# EXHIBIT "5"

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED Peggy C. Cash and Lenard D. Cash v. AXA Equitable Life Insurance Company
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** William L. McCamish | **Plaintiff(s)/Petitioner(s):** Peggy C. Cash | ☑ Attorney for Plaintiff/Petitioner ☐ *Pro Se* Plaintiff/Petitioner ☐ Title IV-D Agency ☐ Other: |
| **Email:** wmccamish@prinslaw.com | Lenard D. Cash | |
| **Address:** 4940 Broadway, Ste. 108 | **Telephone:** 210-820-0833 | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** San Antonio, TX 78209 | **Fax:** 210-820-929 | **Defendant(s)/Respondent(s):** AXA Equitable Life Insurance Company | **Custodial Parent:** |
| **Signature:** *William L. McCamish* | **State Bar No:** 24062497 | **Non-Custodial Parent:** **Presumed Father:** |
| | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| | | | | **Post-Judgment Actions (non-Title IV-D)** |
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | |
| *Debt/Contract* | ☐ Assault/Battery | ☐ Eminent Domain/ | ☐ Annulment | ☐ Enforcement |
| ☐ Consumer/DTPA | ☐ Construction | Condemnation | ☐ Declare Marriage Void | ☐ Modification—Custody |
| ☐ Debt/Contract | ☐ Defamation | ☐ Partition | *Divorce* | ☐ Modification—Other |
| ☐ Fraud/Misrepresentation | *Malpractice* | ☐ Quiet Title | ☐ With Children | **Title IV-D** |
| ☐ Other Debt/Contract: | ☐ Accounting | ☐ Trespass to Try Title | ☐ No Children | ☐ Enforcement/Modification |
| | ☐ Legal | ☐ Other Property: | | ☐ Paternity |
| *Foreclosure* | ☐ Medical | | | ☐ Reciprocals (UIFSA) |
| ☐ Home Equity—Expedited | ☐ Other Professional | | | ☐ Support Order |
| ☐ Other Foreclosure | Liability: | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| ☐ Franchise | | ☐ Expunction | ☐ Enforce Foreign | ☐ Adoption/Adoption with |
| ☐ Insurance | ☐ Motor Vehicle Accident | ☐ Judgment Nisi | Judgment | Termination |
| ☐ Landlord/Tenant | ☐ Premises | ☐ Non-Disclosure | ☐ Habeas Corpus | ☐ Child Protection |
| ☐ Non-Competition | *Product Liability* | ☐ Seizure/Forfeiture | ☐ Name Change | ☐ Child Support |
| ☐ Partnership | ☐ Asbestos/Silica | ☐ Writ of Habeas Corpus— | ☐ Protective Order | ☐ Custody or Visitation |
| ☐ Other Contract: | ☐ Other Product Liability | Pre-indictment | ☐ Removal of Disabilities | ☐ Gestational Parenting |
| | List Product: | ☐ Other: | of Minority | ☐ Grandparent Access |
| | | | ☐ Other: | ☐ Parentage/Paternity |
| | ☐ Other Injury or Damage: | | | ☐ Termination of Parental |
| | | | | Rights |
| | | | | ☐ Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination | ☐ Administrative Appeal | ☐ Lawyer Discipline | | |
| ☐ Retaliation | ☐ Antitrust/Unfair | ☐ Perpetuate Testimony | | |
| ☐ Termination | Competition | ☐ Securities/Stock | | |
| ☐ Workers' Compensation | ☐ Code Violations | ☐ Tortious Interference | | |
| ☐ Other Employment: | ☐ Foreign Judgment | ☐ Other: | | |
| | ☐ Intellectual Property | | | |

| Probate & Mental Health | | |
|---|---|---|
| ☐ Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐ Guardianship—Adult |
| ☐ Tax Delinquency | ☐ Dependent Administration | ☐ Guardianship—Minor |
| ☐ Other Tax | ☐ Independent Administration | ☐ Mental Health |
| | ☐ Other Estate Proceedings | ☐ Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☑ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-Judgment | ☐ Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☑ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

# EXHIBIT "6"



Cause Number: _____

District Court : _____

## Donna Kay M<sup>c</sup>Kinney
## Bexar County District Clerk

### Request for Process

Style: Peggy C. Cash and Lenard D. Cash _____ **Vs.** AXA Equitable Life Insurance Company _____

Request the following process: (Please check all that Apply)

☑ Citation ☐ Notice ☐ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
Name: AXA Equitable Life Insurance Company _____
Registered Agent/By Serving: Corporation Service Company _____
Address 211 E. 7th St., Suite 620, Austin, Texas 78701 _____
Service Type: (Check One) ☑ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**2.**
Name: _____
Registered Agent/By Serving: _____
Address _____
Service Type: (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**3.**
Name: _____
Registered Agent/By Serving: _____
Address _____
Service Type: (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

**4.**
Name: _____
Registered Agent/By Serving: _____
Address _____
Service Type: (Check One) ☐ *Private Process* ☐ *Sheriff* ☐ *Publication* (Check One) ☐ *Commercial Recorder* ☐ *Hart Beat* ☐ *Courthouse Door*
☐ *Certified Mail* ☐ *Registered Mail* ☐ *Out of County* ☐ *Secretary of State* ☐ *Commissioner of Insurance*

Title of Document/Pleading to be Attached to Process: Plaintiff's Original Petition and Request For Disclosure, Plaintiff's First Set of Interrogatories, Plaintiff's First Request For Production

Name of Attorney/Pro se: William L. McCamish _____ Bar Number: 24062497 _____
Address: 4940 Broadway, Suite 106 _____ Phone Number: 210-820-0833 _____
San Antonio, Texas 78209 _____

Attorney for Plaintiff xxx _____ Defendant _____ Other _____

***IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED****

# EXHIBIT "7"

Vajin Ibrahim EMHLLP                                (1/1) 02/18/2016 09:44:05 AM -0600

```
2016CI02547 -P00003
```

CRT 225th Rm

**Fax Express Transmittal to:**
BEXAR COUNTY DISTRICT CLERK
Fax (210) 335-0536
VOICE (210) 335-2662

### DC Fax Express

Requested By: Vajin Ibrahim                          Date: 02/18/2016

Firm: Edison, McDowell & Hetherington LLp

Address: 3200 Southwest Freeway, Suite 2100

Fax No. 713-337-8850                          Phone No. 713-333-6037

e-mail vajin.ibrahim@emhllp.com

### DOCUMENT INFORMATION

Please check: _X_ Civil ____ Criminal   Cause No. 2016CI02547

Style: Peggy C. Cash; Lenard D. Cash          VS AXA Equitable Life Insurance Co.
____ Decree/Judgment/Sentence   Date of Decree/Judgment/Sentence _____
____ Probation Conditions          Order (Describe) _____
_X_ Other (Describe) Petition

Please specify ____ Certified ($1.00 per page)   _X_ Uncertified ($1.00 per page)
                     ____ Return via fax (Uncertified only)   ____ Mail back
               _X_ Return via e mail (Uncertified only)   ____ Pick up

### DISCOVER/NOVUS ACCOUNT INFORMATION

Cardholder's Name:                    Address:
Erin Bennett                           3788 Richmond Ave. #1116, Houston, TX 77046

Account # ████████████████████████           Exp date ████████

Authorized Signature: Erin E. Bennett       Date 2/18/16

FOR CLERK'S USE ONLY: Total $ 4.25 ____ for certified copies ✓ non-certified copies
CLERK ASSIGNED ____ Rm

### LEGALEASE ACCOUNT INFORMATION

Card Number: _____
Client Number: _____          Case Number: _____
Style: _____
Document: _____
Instructions Prepared By: _____

FOR CLERK'S USE ONLY: TOTAL $ _____ for certified copies ____ non-certified copies
CLERK ASSIGNED _____

FILED
16 FEB 18 AM 9:44
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
BY _____ DEPUTY

Thank you for using DC Fax Express. In you have questions, please call 210-335-2662

**DOCUMENT SCANNED AS FILED**

# EXHIBIT "8"

PRIVATE PROCESS          Case Number: 2016-CI-02547

**PEGGY C CASH ET AL**
**VS.**
**AXA EQUITABLE LIFE INSURANCE COMPANY**
(Note:Attached Document May Contain Additional Litigants.)

2016CI02547 S00001

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: AXA EQUITABLE LIFE INSURANCE COMPANY



BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 16th day of February, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 18TH DAY OF FEBRUARY A.D., 2016.

PETITION

WILLIAM L MCCAMISH
ATTORNEY FOR PLAINTIFF
4940 BROADWAY ST 108
SAN ANTONIO, TX 78209-5747

**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *George Diaz*, Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ . at _____o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____



_____County, Texas

By:_____

OR:   VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

CAUSE NO. 2016-CI-02547

| | |
|---|---|
| PEGGY C CASH, ET AL | IN THE DISTRICT COURT |
| VS. | 225th JUDICIAL DISTRICT |
| AXA EQUITABLE LIFE INSURANCE COMPANY | BEXAR COUNTY, TEXAS |

**AFFIDAVIT OF SERVICE**

On this day the undersigned authority, personally appeared Dennis M. Cromwell known to me to be the person whose name is subscribed hereto and under oath stated:

My name is Dennis M. Cromwell, I am over 21 years of age, of sound mind, I hold the title of Certified Private Process Server authorized by the Texas Supreme Court, Supreme Court ID No. 0383.    I am a resident of Bexar County, Texas.    I am not a party to or interested in the outcome of this suit.    I have personal knowledge of every statement herein made, and I am fully competent to testify as to the matter stated herein.

Came to hand on the 24th day of February A.D., 2016 at 10:31 o'clock am and executed the 24th day of February, A.D., 2016 in Travis County, Texas at 1:33 o'clock pm by delivering to AXA Equitable Life Insurance Company, Registered Agent, Corporation Service Company the accompanying copy of Petition.    Delivered at 211 East 7th Street, Suite 620, Austin, Texas.

By: _____

Dennis M. Cromwell
Certified Private Process Server
Texas Supreme Court ID No. SCH 0383
7379 Braes Corner
San Antonio, TX   78244

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned authority, on this the _____ day of _____, 20____.

_____
Notary Public, State of Texas

CHERYL L. CROMWELL
Notary Public, State of Texas
Comm. Expires 10-31-2016
Notary ID 5577164

DOCUMENT SCANNED AS FILED